IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| v. | ) | ID No. 1612008820 |
| | ) | |
| | ) | |
| JOEL ORTIZ | ) | |

Defendant.

Submitted: August 24, 2018
Decided: September 10, 2018

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT
DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD
BE DENIED**

Zachary D. Rosen, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Joel Ortiz, Howard R. Young Correctional Institution, Wilmington, Delaware, *pro se*.

**MAYER,** Commissioner

This 10th day of September, 2018, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

On May 15, 2017, Joel M. Ortiz ("Defendant") was indicted on two counts of Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of a Firearm with an Obliterated or Altered Serial Number, and Possession of Marijuana.

At the time the charges were incurred, Defendant was on probation and had been in "absconder" status for approximately two (2) years. According to the reports, the Wilmington Police Department (the "WPD") received information from the ATF Task Force ("ATF") that a reliable confidential informant reported Defendant selling drugs out of his former residence. The WPD obtained a warrant, went to the home, and Defendant's father answered the door and gave consent to search. A search of the home led to a room belonging to Defendant, and in that room the WPD found marijuana and a firearm.

On September 19, 2017, Defendant was convicted of all indicted charges after a non-jury bench trial. Defendant was then sentenced to a minimum of five (5) years at Level V incarceration followed by decreasing levels of supervision.

On June 6, 2018, Defendant filed a *pro se* Motion for Postconviction Relief (the "Motion").[1] Upon preliminary consideration of the Motion, the Court issued an order expanding the record and directing Defendant's former counsel ("Trial Counsel") to file an Affidavit in response, but denied Defendant's request for appointment of counsel.[2]

Defendant's Motion presents the following arguments:

**Ineffective Assistance of Counsel**: Defendant's first argument is that counsel performance fell below an objective standard of reasonableness and there is a probability that [but] for his unprofessional errors [the] results would have been different.

**Due Process Violation**: Due process Clause of the United States is violated [and must] ensure that criminal justice decisions are based on reliable information.

**Brady Violation**: The suppression of evidence favorable to an accused is self-sufficient to amount to a denial of due process.

**Search and Seizure**: Delaware law does not permit suspicion-less search of probationer or parole residences. At a minimum the officer must have a reasonable basis to

---

[1] D.I. # 29. Attached to Defendant's Motion is several documents captioned before the Delaware Supreme Court including a Motion and Affidavit to Proceed In Forma Pauperis; Directions to Court Reporter of Proceedings to be Transcribed Pursuant to Rule 9(e); and a Notice of Appeal. As of the date of this Report and Recommendation it does not appear as if Defendant filed these documents with the Supreme Court.

[2] D.I. # 33.

suspect wrongdoing and evidence thereof will be found at the location to be searched.

Trial Counsel filed an Affidavit in Response to the Motion addressing the claims of ineffective assistance of counsel.[3] On August 24, 2018, Defendant filed a response to the Affidavit.[4] Based upon a review of the papers and the record in this matter, I do not believe any further briefing would assist the Court.

## CONCLUSION

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the Motion.[5] This is Defendant's first motion for post-conviction relief and it was timely filed.[6] However, pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a

---

[3] D.I. # 34.

[4] D.I. # 36.

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[6] *See* Super. Ct. Crim. R. 61(i)(1) (motion must be filed within one year of when conviction becomes final); Super. Ct. Crim. R. 61(m)(1) (If the defendant does not file a direct appeal, the judgment of conviction becomes final 30 days after the Superior Court imposes sentence).

postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred. Almost all of Defendant's claims fall within these bars to relief.

In August of 2017, Defendant's Trial Counsel filed a multi-layered Motion to Suppress Evidence.[7] That matter was briefed and the motion was denied, after a hearing, by way of an Order dated September 13, 2017.[8] Through his argument entitled "Due Process Violation," Defendant once again seeks to challenge the credibility of the information from the confidential informant as well as the justification or basis for the search. Likewise, Defendant presents an argument framed around "suspicionless" searches of a probationer's residence. These issues were squarely addressed by way of the Motion to Suppress Evidence and the resulting decision. Defendant elected not to appeal that decision, and is procedurally barred from raising these claims again now.[9]

In arguing that there was a "Brady violation,"[10] Defendant submits that it is "unclear" why an ATF agent was so interested in him and that it is unlikely that the marijuana found in his room could have created an "overwhelming odor."

---

[7] D.I. # 13.

[8] D.I. # 19.

[9] *See* Super. Ct. Crim. R. 61(i)(4).

[10] Defendant appears to be referencing *Brady v. Maryland*, 373 U.S. 83 (1963).

Defendant also argues the prosecutor failed to disclose reports from "every officer that participated in the defendants search warrant and arrest." Defendant then goes on to again challenge the "checklist" that supported the search and the procedures followed. Defendant's arguments are not only repetitive, but any basis to contest the search warrant was (or should have been) raised through the Motion to Suppress Evidence and addressed by the Order resolving that motion. To the extent not addressed by that Order and motion, these claims were waived when Defendant failed to present them to the trial court or on appeal, and are now procedurally barred.[11] Furthermore, Defendant's claims are belied by the record. On May 8, 2017, the State produced four (4) WPD reports. On August 4, 2017, the State produced a Probation report and "checklist." There is no basis to support Defendant's claims that anything was wrongfully withheld. As such, Defendant has also not established cause for relief or prejudice from a violation of his rights as a way to avoid this bar.

Pursuant to Super. Ct. Crim. R. 61(i)(5) "[t]he bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule." Subdivision (d)

---

[11] *See* Super. Ct. Crim. R. 61(i)(3).

provides an exception to the bar if the movant was convicted after a trial and the motion pleads with particularity that (i) new evidence exists creating a strong inference that the movant is actually innocent in fact of the acts underlying the conviction, or (ii) a new rule of constitutional law, made retroactive to cases on collateral review, applies to render the conviction invalid.[12] Defendant has not presented an argument that the Court lacked jurisdiction, has not set forth any new evidence or facts demonstrating that he is innocent of the acts giving rise to the conviction, nor has he cited a new rule of constitutional law affecting his conviction. Thus, Defendant has failed to establish one of these exceptions to the procedural bars.

Defendant's remaining claim raises concerns of ineffective assistance of counsel. Ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[13] Defendant avers that trial counsel (i) failed to properly investigate the confidential information and uncorroborated evidence leading to the search; (ii) erred because there was no corroboration that Defendant was in the house and the warrant lacked any indicia of reliability; and (iii) mistakenly relied upon the State's

---

[12] *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i)-(ii).

[13] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

evidence and facts in representing him. Defendant asserts that if counsel had investigated the case, then he "would have gone to trial or negotiated a better plea."

According to Trial Counsel, he reviewed all discovery including several reports, warrants with probable cause affidavits, photographs and an interview containing a confession by Defendant. Trial Counsel also served the State with a Rule 16 discovery request. After considering the discovery provided, Trial Counsel drafted and filed the aforementioned Motion to Suppress Evidence. Thereafter, Trial Counsel met with Defendant on several occasions to discuss the evidence, pending motion and a potential plea. Trial Counsel was able to negotiate a plea offer limited to three (3) years of Level V incarceration and advised Defendant that the plea was in his best interest. Trial Counsel provided a letter evidencing a "strong suggestion" for Defendant to accept the plea. Defendant elected to reject the plea, proceeded with the suppression hearing and the Court found that the search warrant was valid. Finally, based upon the information available to Trial Counsel, he had no reason to believe Defendant's current theories held merit.

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant

actual prejudice.[14] Defendant must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different.[15] Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[16] Mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[17] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[18]

Although Defendant claims he provided Trial Counsel with information that, if investigated, would have changed the result of the trial, he does not identify any such information. Defendant then provides hypotheticals of "what if I had been outside the house," but this is only a hypothetical that does not alter the case. Finally, Defendant questions whether the ATF had enough probable cause for the warrant

---

[14] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[15] *Sykes v. State*, 147 A.3d 201, 212 (Del. 2015), citing *Albury v. State*, 551 A.2d 53, 58 (Del.1988) (quoting *Strickland*, 466 U.S. at 694).

[16] *State v. Wright*, 653 A.2d 288, 293-94 (citations omitted).

[17] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[18] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

and the role of Probation. However, a review of the record demonstrates that the WPD (not ATF or Probation) executed both the warrant for the Defendant's person, as well as the warrant for a search of the home. Probation did an administrative arrest/search post-execution, and the ATF later interviewed Defendant as a person of interest involved in the purchase and/or manufacture of weapons. As such, Defendant's recitation of the events giving rise to the charges is incorrect.

Defendant also contradicts himself and argues that there was no confirmation he was living at the home, but that law enforcement should have known he had been living there for years. Regardless, Trial Counsel argued in the Motion to Suppress that the warrant failed to establish probable cause because there was no confirmation that Defendant had returned to the property or that criminal acts were occurring at the location. Trial Counsel cited and argued *Culver v. State*,[19] which Defendant heavily relies on now, for the proposition that the State needed more than just a tip from a confidential informant. Trial Counsel presented the best defense likely available under the circumstances when he moved to suppress the evidence from the search and then later negotiated a deal agreeing to a bench trial. Defendant has failed to establish that Trial Counsel's performance was ineffective or that Trial Counsel could have done something different that would have changed the outcome of the proceedings.

---

[19] 956 A.2d 5 (Del. 2008).

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:  Prothonotary
cc:  Mr. Joel Ortiz (SBI# 526441)
     Zachary D. Rosen, Deputy Attorney General
     A. Dale Bowers, Esquire